# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DANA SCHWARTZ,

    Plaintiff,

vs.                                                 1:18-cv-00328-WJ-SCY

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER STAYING CASE AND DENYING MOTION TO CERTIFY TO NEW MEXICO SUPREME COURT

THIS MATTER comes before the Court upon Defendant's Motion to Certify Questions to the New Mexico Supreme Court, filed November 30, 2018 **(Doc. 37)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's Motion to Certify is not well-taken and, therefore, is **DENIED.**

## BACKGROUND

This putative class action arises out of a dispute over "underinsured motorist coverage" in an automobile policy. NMSA § 66-5-301 ("'underinsured motorist' means an operator of a motor vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability insurance applicable at the time of the accident is less than the limits of liability under the insured's uninsured motorist coverage."). Plaintiff alleges that Defendant misrepresented to her and similarly situated putative class members the extent of "underinsured motorist" coverage when purchased at the minimum amount of $25,000. She also alleges that underinsured motorist coverage at the minimum amount is illusory.

While Plaintiff was stopped at a red light on Academy Boulevard in Albuquerque, New Mexico, the tortfeasor attempted to slip between her and another stopped car, crashing into both. She received $25,000 in compensation for bodily injury from the tortfeasor's minimum liability policy. Because she alleges her damages were in excess of $25,000, she allegedly sought benefits from her own uninsured and underinsured motorist coverage from her insurance company, Defendant State Farm. Her policy with Defendant included the statutory minimum amount of uninsured and underinsured coverage, $25,000. Defendant allegedly denied coverage according to the insurance policy and New Mexico law, because the amount received from tortfeasor's minimum liability insurance was offset against Plaintiff's $25,000 underinsured policy. *See generally Schmick v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 216, 704 P.2d 1092 (N.M. 1985) (explaining statutory offset in NMSA § 66-5-301). Defendant claims to have paid under the underinsured motorist provisions for property damage, but Plaintiff alleged that Defendant denied underinsured motorist coverage for bodily injury.

There are now six other putative class actions in this district asserting similar claims against various insurers. *Martinez et al. v. Progressive Preferred Insurance Company*, 19-cv-04 (Ritter, J.); *Palmer v. State Farm Mutual Automobile Insurance Company et al.*, 19-cv-301 (Brack, J.); *Bhasker v. Kemper, et al.*, No. 1:17-cv-00260 (Browning, J.); *Thaxton v. GEICO et al.,* No. 18-cv-306 MV-KK (Vazquez, J.); *Apodaca v. Young America Insurance Co. et al.*, No. 1:18-cv-00399-RB-JHR (Brack, J.); *Crutcher v. Liberty Mutual Ins. Co. et al.*, No. 1:18-cv-00412-JCH-KBM (Herrera, J.).

While this motion to certify was being briefed, United States District Judge Judith Herrera in *Crutcher v. Liberty Mut. Ins. Co. et al.*, 1:18-cv-412 (JCH/KBM) certified, and the New Mexico Supreme Court accepted, the following question:

> Under N.M. Stat. Ann. § 66-5-301, is underinsured motorist coverage on a policy that offers only minimum UM/UIM limits of $25,000 per person/$50,000 per accident illusory for an insured who sustains more than $25,000 in damages caused by a minimally insured tortfeasor because of the offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, and, if so, may insurers charge a premium for that non-accessible underinsured motorist coverage?

(the "certified question"). Notably, the certified question is substantially similar to the question that Defendant originally sought to certify. **Doc. 37.** Defendant argued that resolution of this question – whether underinsured motorist coverage offered at the minimum level is illusory – would likely resolve many of legal issues in this case. After certification by Judge Herrera, however, Defendant sought in its reply brief to certify two supplemental questions:

> Is the UIM component of U Coverage illusory or an unfair or deceptive practice where: (a) the statutory offset required by *Schmick* is disclosed in the U Coverage policy language and (b) the UIM component is not limited to a comparison of the coverage limits of the insured and the tortfeasor, but also looks to the amount actually paid to the insured by the tortfeasor's insurer?

**Doc. 45, at 8.**

## DISCUSSION

"Whether to certify a question of state law to the state supreme court is within the discretion of the federal court." *Armijo v. Ex Cam Inc.,* 843 F.2d 406, 407 (10th Cir.1988). The New Mexico Supreme Court "may answer a question of law certified to it by a court of the United States ... if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision or statute of this state." N.M. Stat. § 39–7–4. A federal court "will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007). A federal court will certify a question where it "(1) may be determinative of the case at

hand and (2) is sufficiently novel that [the court] feel[s] uncomfortable attempting to decide it without further guidance." *Id.*

## I. Question certified by Judge Herrera is likely to resolve substantial issues in this case.

The New Mexico Supreme Court's answer to Judge Herrera's certified question is likely to resolve substantial issues in this case and provide a clear and principled course for this Court to follow. For example, the proposed class in this case is as follows:

> All persons (and their heirs, executors, administrators, successors, and assigns) who, in the prior six years from the date of filing of this complaint, were a policyholder and/or insured, of a Motor Vehicle Policy issued by defendant where that policy did not and does not provide underinsured coverage paid for by the policyholder, and sold and solicited by the defendant, due to the application of an offset as set forth in NMSA 66-5-301, otherwise known as the New Mexico offset law or being a "difference state".

**Doc. 32, ¶ 63.** An answer to the certified question may determine liability as to this putative class. As explained by Judge Herrera, there is no controlling New Mexico precedent or statute addressing the legal issue in the certified question. *Crutcher v. Liberty Mut. Ins. Co. et al.*, 1:18-cv-412 (JCH/KBM), **Doc. 53.** Moreover, the certified question is substantially similar to the question Defendant originally sought to certify in its motion. **Doc. 37.**[1] The Court therefore finds no need to also certify Defendant's proposed question to the New Mexico Supreme Court.

## II. Supplemental questions are unnecessary and will not be certified.

Defendant now seeks in its reply brief to certify two supplemental questions:

Is the UIM component of U Coverage illusory or an unfair or deceptive practice where: (a) the statutory offset required by *Schmick* is disclosed in the U Coverage policy language and (b) the UIM component is not limited to a comparison of the

---

[1] Defendant moved to certify the following question:
> Whether State Farm's uninsured and underinsured motorist coverage sold in New Mexico at state-minimum coverage levels of $25,000 per person and $50,000 per accident is "illusory" or otherwise amounts to an unfair or deceptive practice.

**Doc. 37.**

coverage limits of the insured and the tortfeasor, but also looks to the amount actually paid to the insured by the tortfeasor's insurer?

**Doc. 45, at 8**. Plaintiff argues these supplemental questions are unnecessary. The Court agrees. Supplemental question (a) seems to be subsumed in the certified question and likely to be addressed by the New Mexico Supreme Court. Therefore, the Court concludes certification of supplemental question (a) is unnecessary.

As to supplemental question (b), Defendant argues its definition of underinsured motorist coverage policy is broader than the statutory definition of underinsured motorist under NMSA § 66-5-301, and therefore provides more coverage to its insureds. Defendant's policy provides:

> *Underinsured Motor Vehicle* means a land motor vehicle: . . .
> 1. the ownership, maintenance, or use of which is either:
>     a. insured or bonded for bodily injury liability at the time of the accident; or
>     b. self-insured under any motor vehicle financial responsibility law, a motor carrier law, or any similar law;
> 2. *for which the sum of the limits under all bodily injury liability insurance applicable at the time of the accident*:
>     a. is less than the Uninsured and Unknown Motorist Coverage limits of this policy; or
>     b. *have been reduced by payments to persons other than you and resident relatives to less than the Uninsured and Unknown Motorist Coverage limits of this policy; and*
> 3. that is not an uninsured motor vehicle as defined in items 1. And 2.

**Doc. 36-2, p.2** (emphasis added and omitted). Defendant argues its policy provides more coverage than other policies, because it pays under the underinsured motorist policy when a tortfeasor's liability policy is exhausted by payments to other victims. Defendant argues that it will pay the insured even when underinsured coverage is at the minimum level if the tortfeasor's liability insurer does not actually pay out. Therefore, Defendant believes supplemental question (b) is necessary for the New Mexico Supreme Court to consider whether Defendant's broader underinsured motorist coverage is also illusory.

Initially, the Court notes that Judge Herrera's certified question is a legal question that does not appear to be limited to any particular policy. Moreover, the certified question addresses an unsettled area of New Mexico law - whether minimum underinsured motorist coverage mandated pursuant to NMSA 66-5-301 can be considered "illusory."

Here, however, the issue identified in supplemental question (b) appears to simply be a matter of applying settled New Mexico law on illusory coverage to the particular facts of this case. This Court is readily able, once the New Mexico Supreme Court answers the certified question, to apply the settled law to this case and determine whether Defendant's underinsured motorist coverage provides value or is illusory. The Court need not certify every factual variation to the New Mexico Supreme Court.

In light of Judge Herrera's certified question, these supplemental questions are not novel. Once the New Mexico Supreme Court answers the certified question, the Court believes it will have a reasonably clear and principled course to follow.

Finally, the parties did not submit stipulated facts. Nor did they submit evidence on which to make factual findings. This case is still at the Fed. R. Civ. P. 12(b)(6) stage. Therefore, the Court does not believe it has the ability, at this point, to submit factual findings to the New Mexico Supreme Court. Notably, it appears to be disputed whether, and under what circumstances, Defendant's policy provides value. Therefore, the Court is unable to satisfy New Mexico's requirement for submitting a certification request. NMRA 12-607(c)(3) (certification order must contain "the facts relevant to the question, showing fully the nature of the controversy out of which the question arose. If the parties cannot agree on a statement of facts, the certifying court shall determine the relevant facts and state them as part of its certification order"); *Schlieter v. Carlos*,

1989-NMSC-037, 108 N.M. 507, 508-09, 775 P.2d 709, 710-11 (limits acceptance of certifications to cases where there is no factual dispute).

Plaintiff asks the Court to certify the same question as Judge Herrera, as Plaintiff seeks an opportunity to also argue before the New Mexico Supreme Court. She effectively seeks to "intervene" in the New Mexico Supreme Court proceeding. That is not a basis for this Court to certify questions to the New Mexico Supreme Court.

### III. Motion to dismiss is denied without prejudice and further briefing stayed until the New Mexico Supreme Court issues its ruling.

An answer to Judge Herrera's certified question may resolve substantial issues in this case. Therefore, the Court cannot rule on the motion to dismiss at this time. It would be a waste of both the parties' and the Court's resources to proceed while a potentially dispositive answer by the New Mexico Supreme Court is pending. If the Court proceeds, it may risk ruling in a manner contrary to the New Mexico Supreme Court. Finally, the current briefing on the motions to dismiss will be out of date once the New Mexico Supreme Court answers the certified question, and the Court would likely benefit from the parties' interpretation of the New Mexico Supreme Court's answer.

Therefore, the Court concludes it should **DENY** the motion to dismiss (**Doc. 35**) without prejudice and **STAY** further briefing on dismissal until the New Mexico Supreme Court answers the certified question.

**IT IS THEREFORE ORDERED** that Defendant State Farm's Motion to Certify (**Doc. 37**) is hereby **DENIED** for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that the Motion to Dismiss (**Doc. 35**) is **DENIED WITHOUT PREJUDICE**; and

**IT IS FINALLY ORDERED** that further briefing on dismissal is **STAYED** pending the New Mexico Supreme Court's answer to Judge Herrera's certified question. Defendant may file a new motion to dismiss, if appropriate, after the New Mexico Supreme Court issues its decision.

_____
CHIEF UNITED STATES DISTRICT JUDGE