**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DANA SCHWARTZ,
*on behalf of herself and all others similarly situated,*

Plaintiff,

v. No. 1:18-cv-00328-KWR-SCY

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, STATE FARM FIRE AND
CASUALTY COMPANY, and
STATE FARM GENERAL INSURANCE COMPANY,

Defendants.

**ORDER AND FINAL JUDGMENT**

Before the Court is the Unopposed Motion and Brief in Support of Final Approval of Class Settlement (Dkt. 169), filed on May 22, 2026, by Plaintiff Dana Schwartz (the "Representative Plaintiff"), accompanied by evidentiary support. Also before the Court is Class Counsel's Unopposed Motion for Attorneys' Fees and Costs and Award to Incentive Fee to Named Plaintiff (Dkt. No. 170), filed on May 22, 2026. In connection with the Unopposed Motion and Brief in Support of Final Approval of Class Settlement, the Court also reviewed the following: (a) State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company ("State Farm" or "Defendants" or the "State Farm Defendants") filed their Separate Submission in Support of Final Approval of Class Settlement (Dkt. No. 167), on May 22, 2026, (b) Formal Objection to Proposed Class Action Settlement (Dkt. 166), filed on May 18, 2026 (the "Objection"), (c) State Farn Defendants' Response in Opposition to Objection (Dkt. 172), filed on June 3, 2026, (d) Response in Opposition to Formal Objection to Proposed Class Settlement (Dkt. 173), filed by the Representative Plaintiff on June 3, 2026, (e) Supplement

to Motion for Final Approval (Dkt. 175), filed by the Representative Plaintiff on June 4, 2026, (f) Supplemental Brief on Class Definition, Notice, and Class Benefit (Dkt. 178), filed by the Representative Plaintiff on June 25, 2026, and (g) State Farm Defendants' Response to the Court's June 11, 2026 Order (Dkt. 179), filed on June 25, 2026. In addition, the Court heard extensive oral arguments on these issues on June 8, 2026 (*see* Clerk's Minutes, Dkt. 176).

The claims of the Representative Plaintiff against Defendants have been settled, individually and on behalf of a class of policyholders of the Defendants, pursuant to the Settlement Agreement signed by the Parties on January 30, 2026 (the "Settlement Agreement"). (Dkt. 161-1) On February 2, 2026, the Court granted preliminary approval of the proposed class action settlement set forth in the Agreement (the "Settlement") and provisionally certified the Settlement Class for settlement purposes only. (Dkt. 163)

On June 8, 2026, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether the Settlement Class herein, which has been provisionally certified, should be certified under Rule 23 of the Federal Rules of Civil Procedure; (3) whether judgment should be entered dismissing both the Representative Plaintiff's claims and those claims of Settlement Class Members who have not requested exclusion on the merits and "with prejudice"; (4) whether, and in what amount, to award attorneys' fees and expenses to Class Counsel and a service award to the Representative Plaintiff; and (5) the Objection.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. The terms and conditions of the Settlement Agreement, which were attached to the motion for preliminary approval filed with the Court, are hereby incorporated as though fully set

forth in this Judgment, and unless otherwise indicated, capitalized terms in this Judgment shall have the meanings attributed to them in the Settlement Agreement.

2. The Court has personal jurisdiction over the Representative Plaintiff, the Defendants, and Settlement Class Members. Venue is proper and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Judgment. Without in any way affecting the finality of this Judgment, the Court retains jurisdiction as to all matters relating to the administration, consummation, enforcement, construction, and interpretation of the Settlement Agreement and of this Judgment. Further, the Court retains jurisdiction to protect, preserve, and implement the Settlement Agreement, including without limitation to enforce the releases contained in the Settlement Agreement, and to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

3. The Settlement was negotiated at arm's length, by experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in extensive settlement negotiation sessions through well-known and respected mediator Michael N. Ungar of UB Greensfelder. Counsel for the Parties were, therefore, well positioned to evaluate the benefits of the Settlement, considering the risks and uncertainties of continued litigation, the time and expense that would be necessary to prosecute the Action through class certification, trial and any appeals that might be taken, and the likelihood of success.

4. The Court finds that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes, in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there

are questions of law or fact common to the Settlement Class, which common questions predominate over any questions affecting only individual members; (c) the claims of the Representative Plaintiff are typical of the claims or defenses of the members of the Settlement Class; (d) the Representative Plaintiff and Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class for purposes of the Settlement; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. In addition, for the purposes of Settlement only, the Representative Plaintiff possesses standing to pursue this Litigation and the proposed Settlement Class is adequately defined and ascertainable. Accordingly, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies the Settlement Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies the Settlement Class for settlement purposes only, as identified in the Settlement Agreement, defined as follows:

> All persons (and their heirs, executors, administrators, successors, and assigns) who, during the Class Period, were insured under New Mexico insurance policies issued by State Farm which included U Coverage. Excluded from that Class Settlement Class are (a) any claimant who has separately filed suit against State Farm up to the Notice Date, the subject of which suit includes the reduction or denial of benefits on the basis of a *Schmick* Offset; (b) any individual who has settled a claim for alleging reduced or denied benefits on the basis of a *Schmick Offset*, and signed a final release prior to the Notice Date; and (c) the Judges presiding over this Action. "Class Period" means the period encompassing Settlement Class claims, beginning on January 1, 2010, and ending December 31, 2021.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court appoints Paul Dominguez of The Dominguez Law Firm, LLC, Ryan Villa of The Law Office of Ryan J. Villa, and Justin Pizzonia of Pizzonia Law, LLC, as Class Counsel for the Settlement Class for the sole purpose of the Settlement.

7. The Court also designates Representative Plaintiff Dana Schwartz as the representative of the Settlement Class.

8. The Court appoints Matthew Vance as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Settlement Agreement. The Representative Plaintiff, Class Counsel, State Farm, and State Farm's Counsel shall not be liable for any act or omission of the Neutral Evaluator.

9. The Court makes the following findings with respect to Class Notice to the Settlement Class:

a. The Court finds that the Class Notice, the establishment of an automated toll-free, interactive, voice response phone system, and the Settlement Website, all as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with all applicable legal requirements, including the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitutions, and any other applicable law.

b. The Court finds that State Farm satisfied CAFA notice requirements with the notice of the settlement provided to the relevant state authorities.

c. Class Counsel has filed with the Court a declaration from Cameron R. Azari, a representative of the Settlement Administrator, establishing that the Class Notice was emailed and, where necessary, postcard mailed to Settlement Class Members on April 3, 2026, the Settlement Website was established on April 2, 2026, and the telephone line available for Class Members to call was available beginning April 2, 2026. (Dkt. 169-1.) Adequate notice was given to the Settlement Class in compliance with the Settlement Agreement and the Preliminary Approval Order.

10. Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Class Notice and on the Settlement Website. The Court finds that the individual interests of the persons who timely sought exclusion from the Settlement Class are preserved and that no person was precluded from being excluded from the

Settlement Class if desired. Those persons who timely and properly excluded themselves from the Settlement Class are identified in the attached Exhibit A.

11. Defendants have complied with all notice obligations in connection with the proposed Settlement.

12. One (1) objection to the Settlement was filed (the "Objection"), counsel for objector had the opportunity to present evidence at the Fairness Hearing and declined, relying on argument instead. After due consideration, the objection is overruled.

13. Settlement Class Members who did not timely file and serve an objection in writing to the Settlement, to the entry of this Judgment, to Class Counsel's application for fees, costs, and expenses, or to the service award to the Representative Plaintiff in accordance with the procedure set forth in the Class Notice and mandated in the Preliminary Approval Order are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

14. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of Settlement Class Members. The Court hereby enters judgment approving and adopting the Settlement and the Settlement Agreement, fully and finally terminating the Released Claims of the Representative Plaintiff and the Settlement Class in this Action against the Defendant, on the merits.

15. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorneys' fees and reasonable litigation expenses in the total amount of $4,250,000.00, payable by the Defendants pursuant to the terms of the Settlement Agreement. The Court also awards a service award in the amount of $25,000.00 to the Representative Plaintiff,

Dana Schwartz, payable by the Defendants pursuant to the terms of the Settlement Agreement. The Defendants shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel, or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

16. The terms of the Settlement Agreement, including all Exhibits thereto, and of this Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in and on, all Released Claims by the Representative Plaintiff and each Settlement Class Member who did not timely and properly exclude himself or herself from the Settlement Class, as well as each of their respective heirs, beneficiaries, administrators, successors, and assigns, and all other Releasing Parties.

17. The Releases set forth in Section 9 of the Settlement Agreement are incorporated herein, in all respects, and are effective as of the entry of this Judgment. The Released Parties are forever released, relinquished, and discharged by the Releasing Parties, including all Settlement Class Members who did not timely exclude themselves from the Settlement Class, from all Released Claims (as that term is defined below and in the Settlement Agreement).

a. Although the definitions in the Settlement Agreement are incorporated in and are a part of this Judgment, for avoidance of doubt and ease of reference, some of those definitions are repeated as follows:

i. "Effective Date" means the date upon which the Settlement in the Action shall become effective and final, and occurs on: (1) the day following the expiration of the deadline for appealing the entry by the Court of the Final Order and Judgment, if no such appeal is filed; or (2) if an appeal of the Final Order and Judgment is filed, the date upon which all appellate courts with jurisdiction (including the United States Supreme Court by petition for certiorari) affirm such Final Order and Judgment, or deny any such appeal or petition for certiorari, such that no future appeal is possible.

ii. "Released Claims" means any and all past, present, and future claims and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, statutory, regulatory, common, foreign, or other law, that arise in any way from or relate to the Action or the

Litigation against State Farm or any Released Party (other than claims to enforce the Settlement), and including, but not limited to, any and all claims for fees, costs, penalties, fines, debts, damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, class or individual and any other form of legal or equitable relief that either has been asserted, ever was asserted, or could have been asserted, by Plaintiff or any Settlement Class Member against any of the Released Parties based on, relating to, concerning or arising out of the Action or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation to the full extent of res judicata protection. Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Settlement contained in this Settlement Agreement and shall not include the claims of persons who have timely excluded themselves from the Settlement Class.

iii. "Released Parties" means and includes State Farm and all State Farm affiliated entities that underwrote New Mexico insurance policies with U Coverage from January 1, 2010 to December 31, 2021, including State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, their parents, current or former subsidiaries, affiliates, predecessors, insurers, reinsurers, agents, employees, attorneys, successors, assigns, officers, officials, directors and shareholders, and independent agents of State Farm and their employees, and, any person related to any such entities or individuals who is, was, or could have been named as a defendant in the Litigation.

iv. "Releasing Parties" means Plaintiff and all Settlement Class Members who do not properly and timely opt-out of the Settlement, and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

b. The Representative Plaintiff, and each Settlement Class Member, shall, by operation of the Final Order and Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Defendants, and all other Released Parties, from any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent, claims with respect to all Released Claims, including unknown claims as explained in the Settlement Agreement, that the Representative Plaintiff or Settlement Class Members have, or may have had, against any of the Released Parties that relate to, concern, arise from, or pertain in any way to the Litigation, whether known or unknown, and that were asserted or could have been asserted in the Litigation, to the full extent of res judicata protection.

c. In agreeing to the foregoing Releases, the Representative Plaintiff, for herself and on behalf of Settlement Class Members, explicitly acknowledges that unknown claims (as explained in the Settlement Agreement) within the scope of Released Claims could possibly exist and that any present losses may have been underestimated in amount or severity. The Representative Plaintiff or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims, or the law applicable to such claims may change. Nonetheless, the Representative Plaintiff and each Settlement Class Member expressly agree that he/she/they shall have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent, claims with respect to all Released Claims, including unknown claims (as explained in the Settlement Agreement). Further, the Representative Plaintiff and Settlement Class Members agree and acknowledge that they are bound by the Settlement Agreement, including by the Releases, and that all of their claims in the Action asserted against Defendant shall be dismissed with prejudice and released, without regard to subsequent discovery of different or additional facts or subsequent changes in the law, and regardless of whether unknown losses or claims exist or whether present losses may have been underestimated in amount or severity, and even if they never received actual notice of the Settlement or received a Claim Settlement Payment. The Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Settlement Agreement.

d. The Representative Plaintiff and Class Counsel have represented and warranted that there are no outstanding liens or claims against the Action and have acknowledged that the Representative Plaintiff and Class Counsel will be solely responsible for satisfying any liens or claims asserted against the Action.

e. The Representative Plaintiff and each Settlement Class Member are deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Settlement Agreement.

f. The Settlement Agreement shall be the exclusive remedy for all Settlement Class Members with regard to the Released Claims.

18. The fact of the Settlement, the Settlement Agreement, the Settlement, and this Final Judgment do not constitute admissions of liability, wrongdoing, or fault by Defendants, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Defendants, or an admission of the appropriateness of class certification for trial or dispositive motion practice. Nothing related to the Settlement or Settlement Agreement shall be offered or received in evidence as an admission, concession, presumption, or inference against Defendants or any of the Released Persons in any proceeding. The Settlement Agreement and Settlement are

not a concession by the Parties and, to the extent permitted by law, neither this Final Judgment nor the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be utilized or offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, for any purpose including to establish any liability or admission by any of the Released Persons, except in any proceedings brought to enforce the Settlement Agreement or the Final Judgment or otherwise with the written consent of Defendants at its sole discretion; however, Defendants may use the Settlement Agreement or the exhibits thereto, and the Settlement, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion relating to the Released Claims set out in the Settlement Agreement.

19. Only to the extent that it is otherwise not violative of any applicable rules governing the practice of law, Class Counsel agree that any representation, encouragement, solicitation or other assistance, including, but not limited to, referral to other counsel, of any Opt-Out or any other person seeking to litigate with any of the Released Persons over any of the Released Claims or to represent any form of opt-out class, could place Class Counsel in an untenable conflict of interest with the Class. Accordingly, Class Counsel and their respective firms shall not (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any Opt-Out or any form of opt-out class, except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

20. If the Effective Date does not occur, this Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and Defendants shall retain the right to object to the maintenance of the Action or any other proceeding as a class action and to contest the Action or any other case on any ground.

21. The Representative Plaintiff and all Settlement Class Members, and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, have released the Released Claims as against the Released Parties, and are, from this day forward, hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, maintaining, or participating in (as parties, class members or otherwise) any new or existing action or proceeding, before any court or tribunal, regarding any Released Claims against any Released Parties, and from organizing any Settlement Class Members into a separate class for purposes of pursuing, as a purported class action, any lawsuit regarding any Released Claims against any Released Parties, and any person in violation of this injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction.

22. Within 10 days of the Effective Date, the Representative Plaintiff and Settlement Class Members shall dismiss, with prejudice, all Released Claims asserted in any actions or proceedings that have been brought by or involve any Settlement Class Member in any jurisdiction.

23. The Released Claims of the Representative Plaintiff, individually, and on behalf of the Settlement Class are hereby settled, compromised, and dismissed on the merits, and with

prejudice, against the Defendants without fees (including attorneys' fees) or costs to any party except as otherwise provided in this Judgment.

24. The Parties are hereby directed to implement and consummate the Settlement, according to its terms and provisions, as may be modified by Orders of this Court. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement, as may be modified by the Preliminary Approval Order or this Judgment.

25. The Objection is overruled.

26. The Court hereby enters Final Judgment, as described herein, and expressly determines that there is no just reason for delay.

27. The Action is hereby **DISMISSED WITH PREJUDICE**.

28. Without impacting the finality of this Judgment, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement and this Judgment, including jurisdiction to enter such further orders as may be necessary or appropriate.

So Ordered: /S/ Date: 8/25/2026
Hon. Kea w. Riggs